City of Philadelphia v. John Doe. The Home Owners Association of Philadelphia (HAPCO) on Behalf of John Doe, Appellant.

226

Argued April 4, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt, Craig and MacPhail. Judges Mencer and DiSalle did not participate.

*Barry A. Cohen,* for appellant.

*Stewart M. Weintraub,* Deputy City Solicitor, with him *Sheldon L. Albert,* City Solicitor, and *Beryl E. Hoffman,* Deputy City Solicitor, for appellee.

*Michael Churchill* and *Albert J. Slap,* for amici curiae, Philadelphia Council of Neighborhood Organizations and Father Joseph M. Kakalec.

Opinion by President Judge Bowman, August 24, 1979:

This appeal arises out of attempts by various groups and individuals to gain access to delinquent

real estate tax records compiled by the Revenue Department of the City of Philadelphia.

The case had its genesis in the latter part of 1977 when certain individuals, joined by the Philadelphia Council of Neighborhood Organizations (PCNO), requested of the Revenue Department public access to the above records. The City, relying on Section 5-1104 of The Philadelphia Home Rule Charter (Charter), 351 Pa. Code §5.5-1104, The Philadelphia Code (Code) §19-505(2), and Section 307 of Philadelphia's General Tax Regulations, initially denied the requests.

The City proceeded, however, to file a petition for declaratory judgment with the Philadelphia Court of Common Pleas, invoking the same Charter section and accompanying regulations, now seeking a declaration that it be entitled to disclose the list of delinquent real estate taxpayers. Named as the only defendant in this action was one "John Doe."

The lower court thereupon issued a rule upon "defendant" to show cause why the petition should not be granted and directed weekly advertisement, whereupon the instant appellant, Homeowners Association of Philadelphia County (HAPCO), appeared to object to the relief sought by the City.

On March 9, 1978, the lower court issued an order declaring the official records of delinquent real estate taxpayers to be public records, and ordered that public access thereto be granted. This order was amended the next day so as to grant public access to these records prospectively, effective April 15, 1978.

HAPCO filed a notice of appeal to this Court and PCNO sought once again to have the delinquent tax information released only to be refused access by the Revenue Department Commissioner now upon the grounds that an appeal had been perfected. PCNO filed a motion for contempt and a Rule to Show Cause Why Attachment For Contempt Should Not Issue was

allowed. Upon a subsequent motion from HAPCO for a supersedeas, the lower court granted the stay and denied the motion to hold the Commissioner in contempt. No appeal has been taken from this order.[1]

In its memorandum opinion in support of its order declaring that the official records of delinquent real estate taxpayers are public records the lower court found said records to be such within the meaning of the so-called "Right to Know Act," Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §66.1 et seq.

On the record before us it is unclear how the issues as raised by the City in its petition for declaratory judgment could produce a declaratory judgment bottomed upon the Right to Know Act which was not relied upon by the City in seeking declaratory relief. Indeed, this Act affords judicial relief only to a citizen who is denied a right of access, in this case PCNO, to a public record as defined in the Right to Know Act. This remedy is exclusive. *Wiley v. Woods*, 393

---

[1] Concurrently with these proceedings PCNO petitioned this Court to intervene as a party-appellee for the express purpose of moving that the appeal be quashed on the grounds that it was brought by person(s) not a party to the proceedings below. *See* Pa. R.A.P. 501. We denied this petition but raised sua sponte the issue of HAPCO's standing to appeal, and directed the parties to separately address this issue in their briefs and at oral argument on the merits. HAPCO subsequently filed a petition for entry of appearance nunc pro tunc with the lower court, which was denied on the grounds that, an appeal having been perfected, the court was without jurisdiction to entertain the petition. Upon scrutiny of the record we are satisfied that sufficient participation was made below by HAPCO, presenting an interest contrary to the relief sought by the City, which interest was sufficiently adversely affected by the lower court's order to satisfy our concern regarding its standing to bring the appeal. *See Port Authority of Allegheny County v. Pennsylvania Public Utility Commission*,    Pa. Commonwealth Ct.    ,    A.2d    (1979) ; *see also Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975).

Pa. 341, 141 A.2d 844 (1958); *Marvel v. Dalrymple,*
38 Pa. Commonwealth Ct. 67, 393 A.2d 494 (1978).[2]

In the instant proceedings, however, it is not
PCNO, the party seeking access to these tax records,
but the keeper of the records, the City, which initiated
court action by way of declaratory judgment seeking
only an interpretation of the cited provisions of its
charter, ordinances and regulations.

Notwithstanding this procedural aberration we
shall decide this appeal on the merits but within the
context of the issues raised in the petition for declara-
tory judgment and, to the extent that the lower court
relied on the provisions of the City charter, ordinances
and regulations in concluding that the delinquent tax
records be available for public inspection, we will af-
firm.

The right to inspect city records is delineated by
Section 5-1104 of the Charter, 351 Pa. Code §5.5-1104:

> City records, the disclosure of which would
> invade a person's right to privacy, hinder law
> enforcement, endanger the public safety, or
> breach a legally recognized duty of confidence,
> or the nondisclosure of which is legally privi-
> leged, or which have been prepared for or by
> the Law Department for use in actions or pro-
> ceedings to which the City is or may be a party,
> shall not be available for public inspection. Ex-
> cept as herein provided, all other City records
> shall be open for public inspection but the offi-
> cer, department, board or commission or other
> governmental agency of the City having the
> care and custody of such records may make

---

[2] Whether the right of an individual who has been denied access
to a public record as afforded by the Right to Know Act precludes
use of declaratory judgment proceedings is not raised nor here de-
cided. *See* Declaratory Judgments Act, 42 Pa. C.S. §7531 et seq.

reasonable regulations governing the time, place and manner of their inspection and for the purposes of archival preservation, copies of City records may be substituted in lieu of original records.

HAPCO takes the position that this section, which excludes disclosures invading a right to privacy, as well as Section 19-505 of the Code and Section 307 of the General Tax Regulations mandate the continued confidentiality of these records.

HAPCO's reliance on these provisions is misplaced. It has never been deemed *ipso facto* an invasion of privacy to make public a citizen's tax records. Indeed, Section 1 of the Act of May 20, 1921, P.L. 936, *as amended*, 53 P.S. §15952, requires the receiver of taxes of any city of the first class to appoint "for the convenience of the general public a custodian of delinquent tax . . . records who, upon application of any member of the general public, shall give without charge to the applicant a memorandum as to any delinquent taxes . . . upon any piece of real estate in the county and city of Philadelphia." Appellant has not indicated to us the manner in which it believes the release of the requested tax lists will invade the taxpayer's privacy except to say that it could "embarrass" those who might be on the list erroneously or those who have appealed their assessment. We need not at this juncture determine the precise limits of the Charter's right to privacy exception. We do hold, however, that embarrassment does not rise to the level of an invasion of that right, and that both Section 5-1104 of the Charter, and Section 1 of the Act of May 20, 1921, militate in favor of public access to these records.

Neither the Code nor the tax regulations can limit access provided for in the Charter and its enabling act. Section 18 of the First Class City Home Rule

Act, Act of April 21, 1949, P.L. 665, *as amended*, 53 P.S. §13133; *Cali v. Philadelphia*, 406 Pa. 290, 177 A. 2d 824 (1962). We do not, however, read Section 19-505 of the Code, or Section 307 of the tax regulations, to be inconsistent with the public right to inspection set forth in the Charter insofar as the instant tax lists are concerned. The former provides for the confidentiality of any information obtained by the City Department of Collections in the conduct of any examination or investigation. The latter maintains in similar manner the confidentiality of any information gained as the result of any return or investigation required or authorized under the Code. As the instant tax lists are not a return, investigation or examination, but merely an administrative compilation of delinquent taxes, Sections 19-505 and 307 are not applicable. Accordingly, we will affirm the March 9, 1978 order of the lower court granting the City's petition for declaratory judgment and declaring that the official records of delinquent real estate taxpayers are public records within the meaning of Section 5-1104 of the Charter.

## ORDER

Now, August 24, 1979, the order of the Philadelphia County Court of Common Pleas dated March 9, 1978, is affirmed.