A. R. Building Company, Petitioner *v.* Pennsylvania Housing Finance Agency, Respondent.

Argued before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*W. Thomas Laffey, Jr.,* with him, *Maurice A. Nernberg, Jr., Nernberg & Laffey,* for petitioner.

*Gwendolyn T. Mosley,* Deputy Attorney General, with her, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

*Clifford B. Levine,* with him, *Ralph F. Scalera* and *David A. Reis, Thorp, Reed & Armstrong,* for intervenor, Pacific Realty Corporation, Inc.

OPINION BY JUDGE CRAIG, November 22, 1985:

A. R. Building Company (Company) appeals from a refusal by the Pennsylvania Housing Finance Agency (PHFA) to disclose, pursuant to the Right-to-Know Law (Law),[1] a market survey which Pacific Realty Corporation (Pacific)[2] had submitted to the PHFA with its application for funding, upon which the PHFA had taken no final action.[3]

The appeal presents two questions. We must decide whether the PHFA is covered by the Law, and whether a market survey submitted by a private applicant is a "public record" before the agency has disposed of the application.

### Coverage of The Law

The Law applies to an "agency", which its section 1(1) defines as:

Any department, board or commission of the executive branch of the Commonwealth, any political subdivision of the Commonwealth, the Pennsylvania Turnpike Commission, or *any*

---

[1] Act of June 21, 1957, P.L. 390, *as amended,* §§1-4, 65 P.S. §§66.1-66.4.

[2] Pacific Realty Corporation intervened as a party respondent.

[3] Although petitioner's brief indicates that after the filing of this appeal, the PHFA gave preliminary approval to Pacific's application, this record necessarily antedates that juncture, so that no preliminary approval is embraced within the issue before us.

*State or municipal authority or similar organization* created by or pursuant to a statute *which* declares in substance that such organization performs or *has for its purpose the performance of an essential governmental function.*[4] (Emphasis added.)

The legislative declaration of purpose for the creation of the PHFA was to provide financing for the construction and rehabilitation of homes and rental housing for persons of moderate and low incomes.[5] Our Supreme Court affirmed that legislative declaration in *Johnson v. Pennsylvania Housing Finance Agency,* 453 Pa. 329, 309 A.2d 528 (1973), holding that the PHFA performs a "public purpose".

Thus, the legislative purpose declaration as to the PHFA, our Supreme Court's decision in *Johnson,* and the express language of the Law—"any State or municipal authority or similar organization" which performs an essential governmental function—all lead us to conclude that the PHFA is an "agency" within the meaning of the Law.

Pacific, the intervenor whose survey is sought, contends that *Pennsylvania Housing Finance Agency v. Abreen Corporation,* 84 Pa. Commonwealth Ct. 571, 480 A.2d 335 (1984) negates the concept of the PHFA as an "agency" under the Law. However, the situation before us is distinguishable from that in *Abreen.* In *Abreen* we held only that the PHFA is not "the Commonwealth" under the Board of Claims Act which expressly limits the board's jurisdiction to claims against the Commonwealth".[6] The Right-to-Know

---

[4] 65 P.S. §66.1(1).

[5] Section 102(7) of the Housing Finance Agency Law, Act of December 3, 1959, P.L. 1688, *as amended,* 35 P.S. §1680.102(7).

[6] Section 4 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-4 provides: "The Board of Arbitration shall have

Law is much more expansive in that it applies to "any State or municipal authority or similar organization".

Pacific further argues that the Law's explicit mention of the Pennsylvania Turnpike Commission and omission of the PHFA in the definition of "agency" reveals a legislative intent to exclude the PHFA from its coverage. However, we note that the PHFA was created after the original enactment of the Law. Moreover, the specific mention of the Pennsylvania Turnpike Commission, which the legislature apparently inserted for the sake of clarity, does not negate the nature of the PHFA as an organization "similar" to a "State . . . authority"[7] performing "an essential governmental function."

In addition, Pacific contends that our recognition of the financial similarities between the Pennsylvania Turnpike Commission and the PHFA in *Abreen* supports its contention that the legislature, by explicitly naming the Commission but not the PHFA, thus indicated an intention to exclude the PHFA from coverage of the Law. However, an equally cogent argument is that our recognition of the similarities between the Pennsylvania Turnpike Commission and the PHFA in *Abreen* tends to confirm the conclusion that the legislature intended to cover both of them under the Law.

### Public Record Definition

In considering whether the private applicant's market survey is a "public record", we note that section 1(2) of the Law defines a "public record" as:

---

jurisdiction to hear and determine all claims against *the Commonwealth* arising from contracts hereafter entered into with the Commonwealth. . . ." (Emphasis added.)

[7] Section 201 of the Housing Finance Agency Law states: "A body corporate and politic, named the 'Pennsylvania Housing Finance Agency,' is hereby created as a public corporation and government instrumentality. . . ." 35 P.S. §1680.201.

Any *account, voucher* or *contract* dealing
with the receipt or disbursement of funds by
an agency or its acquisition, use or disposal
of services or of supplies, materials, equip-
ment or other property and any *minute, order*
or *decision* by an agency fixing the personal
or property rights, privileges, immunities,
duties or obligations of any person or group
of persons. . . .[8] (Emphasis added.)

The market survey at issue clearly does not come with-
in the express language of that definition.

The same section of the Law tends to confirm its
inapplicability to a private applicant's market survey
—which is actually an investigation of market condi-
tions—by a subsequent proviso which excludes from
the Law's coverage "any . . . paper . . . which would
disclose . . . an investigation undertaken by an agency
. . .," with non-pertinent exceptions. Even when pro-
duced at public expense, investigative material is not
subject to the disclosure mandate. *Wiley v. Woods*,
393 Pa. 341, 141 A.2d 844 (1958) (field investiga-
tion notes of a city planning department concerning
a rezoning proposal). A fortiori, if a public agency's
own investigation is not subject to disclosure, a pri-
vate applicant's investigative product would not be
amenable to another citizen's scrutiny under this Law.

The Company contends that *Pennsylvania Associa-
tion For Children and Adults With Learning Dis-
abilities v. Department of Education*, 91 Pa. Common-
wealth Ct. 531, 498 A.2d 16 (1985) is controlling. How-
ever, *Pennsylvania Association* is contrary to the Com-
pany's position because the market survey in ques-
tion here is part of a pending proposal (*i.e.* applica-
ion) like the pending proposals and plans which this

---

[8] 65 P.S. §66.1(2).

court refused to release in *Pennsylvania Association,* not just a gathering of statistics as to which we allowed access. Similarly, *Patients of Philadelphia State Hospital v. Department of Public Welfare,* 53 Pa. Commonwealth Ct. 126, 417 A.2d 805 (1980), *Lamolinara v. Barger,* 30 Pa. Commonwealth Ct. 307, 373 A.2d 788 (1977), *Young v. Armstrong School District,* 21 Pa. Commonwealth Ct. 203, 344 A.2d 738 (1975), and *McMullan v. Secretary of Welfare,* 3 Pa. Commonwealth Ct. 574, 284 A.2d 334 (1971), *rev'd on other grounds sub. nom., McMullan v. Wohlgemuth,* 453 Pa. 147, 308 A.2d 888 (1973) are all distinguishable from this case on the same basis that we distinguished them in *Pennsylvania Association;* they all related to consummated decisions, not pending ones. Further, *Ryan v. Pennsylvania Higher Education Assistance Agency,* 68 Pa. Commonwealth Ct. 123, 448 A.2d 669 (1982) (contracts), *Carbondale Township v. Murray,* 64 Pa. Commonwealth Ct. 465, 440 A.2d 1273 (1982) (cancelled checks), *City of Philadelphia v. Doe,* 45 Pa. Commonwealth Ct. 225, 405 A.2d 1317 (1979) (real estate tax records) and *Marvel v. Dalrymple,* 38 Pa. Commonwealth Ct. 67, 393 A.2d 494 (1978) (examination results) are also distinguishable from this case because none involved elements of an incipient proposal or application.

Accordingly, we hold that A. R. Building Company is not entitled to access to a market survey constituting an element in another party's pending application.

ORDER

Now, November 22, 1985, the Pennsylvania Housing Finance Agency's denial of A. R. Building Company's request is affirmed.