David M. FOSTER, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE and the United States Department of Treasury, Defendants.

No. 95–CV–72978–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 19, 1996.

David M. Foster, Pro Per.

Charles H. Keen, Washington, DC, Bill Woddard, Asst. U.S. Atty., Detroit, Michigan, for defendants.

*OPINION AND ORDER REGARDING (1) IN CAMERA REVIEW OF DOCU-MENTS SUBMITTED BY DEFEN-DANT AND (2) PLAINTIFF'S MO-TION FOR SUMMARY JUDGMENT*

ROSEN, District Judge.

## I. *INTRODUCTION*

The above-captioned action was initiated by Plaintiff David Foster to compel the Government to produce certain documents requested by him pursuant the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"). The documents requested by Plaintiff in his April 4, 1995 FOIA Request to the Washington, D.C. "Office of Information and Privacy" of the Treasury Department included all "correspondence between government officials who knew or authorized [the IRS] sting operation against [Plaintiff]." Specifically, Foster requested all "correspondence" from: The Special Agent-in-Charge of his case; the Director or Assistant Director of Operations; the Legal Counsel Division; the Undercover Review Committee or equivalent committee; the Section Chief of the White Collar Crime Section or equivalent official; the U.S. Attorney for the Eastern District of Michigan; and the Supervisory Special Agent. Foster also sought production of all applications for approval of the undercover operation; all statements why the undercover operation was requested, approved, and deemed necessary; all letters of approval of the operation; all applications for extension or renew-al of the undercover operation. Plaintiff further requested all records concerning Government monies paid to Dominic Vivio, Samuel S. Donato and Anthony J. Tombrillo; all summaries of the undercover operation; and "all other records not previously requested."

On June 29, 1995, the IRS responded to Mr. Foster's request, explaining that the IRS does not maintain central files in Washington, and that records concerning investigation of tax accounts are maintained in the service centers or regional offices where such actions took place. In that June 29 letter, the IRS advised Foster that if he wished to obtain copies of such records, he would have to direct his request to the appropriate service center or district office.

On July 25, 1995, Plaintiff initiated this action by filing a "Complaint for Declaratory and Injunctive Relief" in which he seeks to compel the Government's production of the records and documents requested in his FOIA requests.[1] On November 9, 1995, the Court directed the Defendant Treasury Department to respond to Plaintiff's FOIA request as if it had been properly sent in the first instance to the Detroit District office. The Court ordered the IRS to search the files of the Detroit District office for records that might be responsive to Plaintiff's FOIA request, and to produce for *in camera* review, along with a Vaughn Index, all withheld and redacted documents.

The IRS complied with the Court's directive, and has produced for *in camera* review 321 documents responsive to Plaintiff's FOIA request which were located in the Detroit District IRS office. The Court has now completed its review of these documents. For the reasons stated in this Opinion and Order, the Court finds that the IRS properly determined that the only documents requested by Plaintiff which are subject to disclosure without redaction under the Freedom of Information Act are Documents 75, 76, 79, 97, 103, 193, 248, 256, 274 and 282. Documents 25, 71, 78, 81, 96, 123, 165, 181,

---

1. Plaintiff's Complaint also pertains to a second FOIA request directed to the "Office of Information and Privacy" of the U.S. Department of Justice. On December 5, 1995, the parties stipu-lated to a stay of this action as it pertains to Plaintiff's FOIA request to the Department of Justice.

192, 199, 230, 231, 273, 293, and 294–321 were properly withheld in their entirety. The remaining 261 documents have been properly redacted.[2]

## II. *DISCUSSION*

The Freedom of Information Act, 5 U.S.C. § 552, provides in pertinent part:

[E]ach agency, upon request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

5 U.S.C. § 552(a)(3).

However, not all public records are subject to production under the Act. Subsection (b) of the statute sets forth a number of exceptions to disclosure of records:

(b) This section does not apply to matters that are—

(1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(2) related solely to the internal personnel rules and practices of an agency;

(3) specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(9) geological and geophysical information and data, including maps, concerning wells.

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of

---

**2.** There are eight additional numbered documents, Documents 221, 222, 266, 267, 268, 283, 284, and 285. These pages are blank sheets of paper inserted to compensate for the misnumbering of pages at the time of the search.

the portions which are exempt under this subsection.

5 U.S.C. § 552(b).

The IRS contends that the withheld/redacted records in this case are exempt from disclosure under subsections (3) and (7) of § 552(b).

### A. A NUMBER OF THE DOCUMENTS REQUESTED BY PLAINTIFF ARE EXEMPT FROM THE FREEDOM OF INFORMATION ACT UNDER § 552(b)(3)

█ Subsection (3) of § 552(b) exempts from FOIA, public records "specifically exempted from disclosure by statute". The IRS claims a subsection (3) exemption for a number of the documents requested by Plaintiff under § 6103(a) of the Internal Revenue Code which provides, in pertinent part:

(a) **General rule.** Returns and return information shall be confidential, and except as authorized by this title—

(1) no officer or employee of the United States,

\*   \*   \*   \*   \*   \*

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or employee or under the provisions of this section.

26 U.S.C. § 6103(a).

"Return information" is broadly defined in the statute:

The term "return information" means—

(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or by any data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or the possible existence of liability (or the amount thereof) of any person

under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense....

26 U.S.C. § 6103(b)(2).

The IRS asserts FOIA exemption (3) in conjunction with IRC § 6103(b)(2)(A) to withhold partial pages of records requested by Plaintiff which contain return information and identifiers of third-party taxpayers. The United States Supreme Court has held that IRC § 6103 satisfies exemption (3) of the Freedom of Information Act. See Church of Scientology v. Internal Revenue Service, 484 U.S. 9, 15, 108 S.Ct. 271, 274–75, 98 L.Ed.2d 228 (1987). The IRS asserts that the identity and other return information of third-parties would be disclosed if the requested documents were released in full, and therefore, it has redacted the identifying and other return information from pages 3–11, 14–24, 40–48, 49–51, 59–65, 124–137, 151–159, 166, 186, 200, 224, 257, 269, 275 and 286. Having reviewed both the redacted and unredacted versions of the records requested, the Court agrees that if released in full, the identity and other return information of a number of individuals and entities would be disclosed. Therefore, the Court finds that the IRS's redaction of these pages to avoid disclosure of confidential information return information of third-parties is appropriate.

█ The IRS also asserts FOIA exemption (3) in conjunction with Fed.R.Crim.Pro. 6(e)(2) to justify withholding in full pages 294–321, which comprise the final prosecution report on David Foster. Each page contains a "grand jury" secrecy label. The 27–page document identifies grand jury witnesses, reveals the direction, scope and strategy of the investigation, and sets forth the substance of grand jury testimony.

Fed.R.Crim.Pro. 6(e)(2) prohibits disclosure of matters occurring before a grand jury. Rule 6(e) satisfies the "statute" exemption of FOIA § 522(b)(3). See Fund for Constitutional Government v. National Archives and Records Service, 656 F.2d 856, 867 (D.C.Cir.1981). Information and records presented to a grand jury, the names of individuals subpoenaed, and grand jury testimony are protected from disclosure under FOIA exemption (3). McDonnell v. United

*States,* 4 F.3d 1227, 1246 (3d Cir.1993). Further, any information indicating the focus of a grand jury investigation is covered by exemption (3) as grand jury materials. *Church of Scientology v. United States Department of Justice,* 30 F.3d 224, 235 (1st Cir.1994).

The foregoing authorities make clear that Plaintiff has no right to pages 294–321 under the Freedom of Information Act. These pages were properly withheld in their entirety.

## B. *FOIA EXEMPTION (7)*

The IRS has also asserted FOIA exemption (7) with respect to a number of documents. It has asserted exemption (7)(A) with respect to all or part of Document Nos. 124–137, 139–142, 151–159, 160–164, 168–276, 177–180, 182–185.

■ Exemption (7)(A) protects against disclosure information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. In order to invoke exemption (7)(A), an agency must show (1) that a law enforcement proceeding is pending or prospective and (2) that release of information regarding the proceeding could reasonably be expected to cause some articulable harm. *National Labor Relations Board v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978). The exemption applies when release of law enforcement information would harm the government's case in court. *Id.* at 232, 98 S.Ct. at 2322.

■ The IRS states that there are at present pending law enforcement proceedings involving an individual (other than Plaintiff David Foster). Having reviewed the documents for which exemption (7)(A) are asserted, the Court finds that release of withheld information in these documents could impede an ongoing government investigation (and prospective prosecution) of the target. Therefore, the Court finds that the IRS has properly withheld information contained in

3. Pages 195–198 are duplicates of pages 188–191.

4. Pages 280–281 are duplicates of pages 277–278.

Document Nos. 124–137, 139–142, 151–159, 160–164, 168–276, 177–180, 182–185 under FOIA § 552(b)(7)(A).

■ The IRS has also asserted exemption (7)(C) for all or part of the information contained in pages 3–11, 13, 14–66 70–74, 77–78, 80–96, 98–102, 104–137, 139–147, 149–192, 194–220,[3] 224–247, 249–254, 257–265, 269–273, 275–281,[4] 286–293. Exemption (7)(C) protects from disclosure information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The purpose of this exemption is to protect third-parties from embarrassment, reprisal or harassment. *Stauss v. Internal Revenue Service,* 516 F.Supp. 1218, 1222 (D.D.C.1981). The exemption covers an agency's withholding of names or identifying information concerning its own agents and employees, *Jones v. Federal Bureau of Investigation,* 41 F.3d 238, 246–47 (6th Cir. 1994), as well as concerning suspects and witnesses, *Manna v. United States Department of Justice,* 51 F.3d 1158, 1166 (3d Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 477, 133 L.Ed.2d 405 (1995).

Having reviewed the unredacted and redacted versions of the documents for which the IRS asserts exemption from FOIA under § 552(b)(7)(C), the Court finds that the IRS properly asserted this exemption for portions of pages 3–11, 13, 14–66, 70–74, 77–78, 80–96, 98–102, 104–137, 139–147, 149–192, 194–220,[5] 224–247, 249–254, 257–265, 269–273, 275–281,[6] 286–293 and accordingly, properly redacted from these records all identifying information concerning government agents and employees, investigation targets and prospective witnesses.

■ The IRS also relies on exemption (7)(D). Exemption (7)(D) protects from disclosure information compiled during a criminal investigation that could reasonably be expected to disclose (1) the identity of a confidential source or (2) information fur-

5. *See* note 3, *supra.*

6. *See* note 4, *supra.*

nished by a confidential source. This broad exemption may be claimed even when an investigation generating records containing information concerning a confidential source has been closed. *Akron Standard Division of Eagle–Picher Industries, Inc. v. Donovan,* 780 F.2d 568, 572 (6th Cir.1986). Moreover, the exemption is not waived even if the source has testified in court or the information provided by the source has otherwise been made public. *Ferguson v. Federal Bureau of Investigation,* 957 F.2d 1059, 1068–69 (2d Cir.1992).

Having reviewed pages 3–11, 14–34, 37–51, 56–57, 59–74, 78, 81, 87–96, 110–111, 123–127, 143–147, 149, 151–159, 165, 181–185, 192, 199, 202–213, 215–222, 225–245, 258–265, 270–273, and 293, the Court finds that these records have been properly redacted to protect disclosure of the identity of confidential sources and/or information furnished by confidential sources.

FOIA exemption (7)(E) allows an agency to withhold information compiled for law enforcement purposes when the release of such information would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions. Documents discussing varied investigative techniques used by the IRS fall within exemption (7)(E). *Becker v. Internal Revenue Service,* 34 F.3d 398, 405 (7th Cir.1994).

■ Exemption (7)(E) is asserted in this case to protect information concerning law enforcement techniques and guidelines used by the Criminal Investigation Division of the IRS in undercover operations similar to the investigation resulting in Plaintiff Foster's conviction. The Court agrees with the IRS—disclosure of such information would diminish the effectiveness of the use of similar techniques in existing and future investigations. Therefore, the Court finds that

pages 1–12, 14–24, 26–52, 54–65, 72–74, 82–95, 99–102, 110–111, 113–116, 118–122, 124–149, 151–164, 166–180, 182–186, 188–192, 194–198,[7] 200, 203–220, 223–230, 232–247, 249–255, 257–265, 269–272, 275, 277–281,[8] and 287–292 have been properly withheld/redacted to protect this information.

■ The IRS also asserts exemption (7)(F) in this case. FOIA exemption (7)(F) protects from disclosure information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or physical safety of any individual. This protection is extended to the physical safety of confidential informants, such that an agency may justifiably withhold law enforcement reports when their release would endanger the life or physical safety of informants. *Manna v. United States Department of Justice,* 815 F.Supp. 798, 810 (D.N.J.1993), *aff'd,* 51 F.3d 1158 (3d Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 477, 133 L.Ed.2d 405 (1995). The requested records reveal that several confidential informants were involved in the undercover operation at issue. Because of the nature of the investigation conducted concerning Mr. Foster, it could reasonably be expected that the informants' lives or physical safety would be endangered if some or all of the contents of document nos. 3–11, 14–34, 37–51, 56–57, 59–74, 78, 81, 87–96, 110–111, 123, 151–159, 165, 181, 192, 199, 202–213, 230–231, 273 and 293 were disclosed. Therefore, this information is properly withheld.

### CONCLUSION

For all of the foregoing reasons, the Court finds that the IRS properly determined that the only documents requested by Plaintiff which are subject to disclosure without redaction under the Freedom of Information Act are Documents 75, 76, 79, 97, 103, 193, 248, 256, 274 and 282. Documents 25, 71, 78, 81, 96, 123, 165, 181, 192, 199, 230, 231, 273, 293, and 294–321 were properly withheld in their entirety. The remaining documents

7. *See* note 3, *supra.*

8. *See* note 4, *supra.*

have been properly redacted and they shall be provided in their redacted versions.

SO ORDERED.[9]

---

**9.** Plaintiff has moved for partial summary judgment to compel the production of records of "government monies paid to Dominic F. Vivio, Samuel S. Donato and Anthony J. Tombrillo" between 1987 and 1995, which records were among the records he requested in his Department of Treasury FOIA request. The IRS has stated that all of the documents in its files responsive to Plaintiff's FOIA request have been produced and no records of monies paid to Vivio, Donato or Tombrillo were found.

Since all records responsive to Plaintiff's request have been produced, Plaintiff's motion for partial summary judgment as to non-existent or not located records is hereby denied as MOOT. *See In re Wade,* 969 F.2d 241, 248 (7th Cir.1992); *Carter v. Veterans Administration,* 780 F.2d 1479, 1481 (9th Cir.1986).