**COMMONWEALTH of Pennsylvania**

v.

**Kevin S. MINES, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted June 21, 1996.

Decided Aug. 1, 1996.

---

Kevin S. Mines, Pro Se, Appellant.

Valerie Weiner Greenberg, Assistant District Attorney, for Appellee.

Before SMITH and PELLEGRINI, JJ., and MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

Kevin S. Mines (Mines), *pro se*, appeals from a decision of the Court of Common Pleas of Philadelphia County (trial court) denying his request for documents from the Philadelphia District Attorney's Office (District Attorney) under the Right to Know Act (Act).[1]

On December 20, 1983, Mines was convicted of first degree murder, robbery, criminal conspiracy and possessing an instrument of crime. After his post-verdict motions were denied, Mines was sentenced to life in prison with concurrent sentences for the other charges. After Mines' trial counsel withdrew and appellate counsel was appointed, Mines appealed his conviction challenging the effectiveness of his trial counsel. Mines' appeal was denied, however, because his appellate counsel did not file a brief. Mines subsequently filed petitions under the Post–Conviction Hearing Act and the Post–Conviction Relief Act, again raising ineffectiveness of counsel. Both petitions were denied.

After his petitions had been denied, Mines filed a motion under the Act seeking the production of documents from the District Attorney.[2] In his motion, Mines specifically requested the following information:

(a) Copy of "police blotters" pertaining to the instant case, including all statements, affidavits, search warrants, body warrants, police investigation reports, forensic reports, chemistry reports, ballistic reports, pre-sentence reports, and psychological evaluation reports;

---

1. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4.

2. We note that Mines' motion under the Act was assigned the same number and term as the previous criminal proceedings. Mines' appeal from the District Attorney's decision not to provide the requested documents is an appeal from a local agency decision and should have been filed with the trial court at a new number and term.

(b) Copy of all composite-sketches, photographs, including statements and notes of testimonies of alleged co-defendants in the case of *Commonwealth v. Joseph Roberts,* C.P. # 1868–1872, April Term, 1983 (Nolle prossed and immunity in exchange for testimony); and *Commonwealth v. Gregory Lowe,* C.P. # 8408–0081–0085; and

(c) Copy of all newspaper clippings and articles relevant to the instant case, including any information pertaining to rewards of any sort, for information leading to an arrest and conviction in the instant case, which are in the control and possession of the Philadelphia District Attorney's Office.

The trial court denied the motion, and Mines appeals to this Court.[3]

■ Mines first contends that he has a common law right to obtain public information which the trial court violated in denying his motion. This contention, however, disregards the fact that Mines is seeking to obtain information from the District Attorney under the Act. The remedy afforded to an individual under the Act is exclusive, and any common law rights to acquire public records that may have existed prior to the Act have been superseded. *City of Philadelphia v. Doe,* 45 Pa.Cmwlth. 225, 405 A.2d 1317 (1979); *see also Commonwealth v. Fenstermaker,* 515 Pa. 501, 530 A.2d 414 (1987).

■ Mines also argues that the trial court misconstrued the Act when it denied his motion. Mines contends that information he requested from the District Attorney are "public records" subject to disclosure under the Act, and that the trial court should have allowed him to obtain that information. Section 2 of the Act requires that public records of an agency be open for examination and inspection by a citizen of the Commonwealth. 65 P.S. § 66.2. Section 1 of the Act defines a "public record" as:

Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons.

65 P.S. § 66.(1). Section 1, however, specifically excludes from this definition "any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties." 65 P.S. § 66.1(2).

■ Under the plain language of Section 1, information relating to police investigations and the information requested by Mines, i.e., statements, affidavits, warrants, various reports, composite-sketches and photographs, is excluded from the definition of public records, and therefore, its disclosure is not mandatory under the Act. *Sullivan v. City of Pittsburgh,* 127 Pa.Cmwlth. 339, 561 A.2d 863 (1989), *petition for allowance of appeal denied,* 525 Pa. 591, 575 A.2d 120 (1990). This exclusion not only applies to active investigations, but it also applies, as here, to records related to completed investigations. *Id.; see also PG Publishing, supra; Barton v. Penco,* 292 Pa. Superior Ct. 202, 436 A.2d 1222 (1981). As such, the District Attorney properly withheld the information from Mines.

■■ The only information relating to police investigations that is discoverable under the Act are the "police blotters." A "police blotter" is simply a chronological compilation of original records of entry. *Lebanon News Publishing Co. v. City of Lebanon,* 69 Pa. Cmwlth. 337, 451 A.2d 266 (1982). In other words, they are the equivalent of incident reports. *Id.* However, because the District Attorney is not the custodian of the police blotters, it need not provide them to Mines.[4]

---

3. Our scope of review is limited to determining whether the agency's denial of the request for the desired information was for a just and reasonable cause. *PG Publishing Co. v. County of Washington,* 162 Pa.Cmwlth. 196, 638 A.2d 422 (1994).

4. In further support of this conclusion, Mines would not be entitled to all of the information that he requested because, as argued by the District Attorney, some of the information could lead to personal harm. 65 P.S. § 66.1(2); *see also Young v. Armstrong School District,* 21 Pa. Cmwlth. 203, 344 A.2d 738 (1975).

██ In addition to excluding information contained in an agency's investigation, Section 1 of the Act also provides that information, the "access to or publication of which is prohibited, restricted or forbidden by statute, law, order or decree of court," shall not be considered a public record. In this regard, Pennsylvania Rule of Criminal Procedure 1404 provides that "[a]ll pre-sentence reports and related psychiatric and psychological reports shall be confidential, and *not of public record.*" (Emphasis added). Given this express prohibition, we conclude that the District Attorney had just and reasonable cause for denying Mines' request for the pre-sentence and psychological reports from his criminal case.[5]

██ Accordingly, the order of the trial court denying Mines' motion is affirmed.[6]

### *ORDER*

AND NOW, this 1st day of August, 1996, the order the Court of Common Pleas of Philadelphia County at Nos. 3099–3103 March Term 1983, dated August 17, 1995, is affirmed.

---

**5.** We note that, under Pennsylvania Rule of Criminal Procedure 1404(a), counsel for a criminal defendant can obtain access to pre-sentence and psychological reports. Additionally, Mines may also have been entitled to some, if not all, of the requested information during his criminal trial. However, because this case is solely an appeal under the Act, and not an appeal from Mines' criminal conviction, we need not address Mines' entitlement to the requested information in the criminal proceedings.

**6.** As to Mines' request for the statements and notes of testimony of his alleged co-defendants, as well as his request for all relevant newspaper clippings and articles, that information was not generated by the District Attorney. Therefore, Mines is not entitled to its disclosure from the District Attorney.