### The SCRANTON TIMES, L.P.

v.

### The SCRANTON SINGLE TAX OFFICE, Appellant.

Commonwealth Court of Pennsylvania.

Argued April 13, 1999.

Decided July 15, 1999.

Reargument Denied Sept. 27, 1999.

---

Paul A. Kelly, Jr., Scranton, for appellant.

Frank J. McDonnell, Scranton, for appellee.

Before COLINS, President Judge, and PELLEGRINI, J., and RODGERS, Senior Judge.

**1.** This case was reassigned to the author on June 15, 1999.

**2.** The Newspaper is a newspaper of general circulation with its headquarters in Scranton, Pennsylvania.

**3.** Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4

PELLEGRINI, Judge. [1]

The Scranton Single Tax Office (Tax Office) appeals from an order of the court of Common Pleas of Lackawanna County (trial court) granting a petition filed by The Scranton Times, L.P. (Newspaper) [2] to obtain access to delinquent wage, business privilege and mercantile tax records for certain business entities.

On January 29, 1998, the Newspaper requested that the Tax Office make available copies of the delinquent tax lists for business entities that had not paid their wage, business privilege or mercantile taxes. When the Tax Office denied the request because no such lists existed, the Newspaper filed a complaint under what is commonly referred to as the Right–to–Know Act (Act) [3] alleging that the release of those lists was mandated by that Act. The trial court found that even though no lists existed, the Newspaper had the right to examine taxpayer files under the Act and to compile its own lists of those who were delinquent. The Tax Office then filed an appeal with this Court [4] arguing that the trial court's decision was erroneous because it did not have nor was it required to make a list from existing tax records. Even if a list did exist and assuming it was a public record, the Tax Office argues that it was still not required to provide that information because it is statutorily precluded from complying with the Newspaper's request because it is required to maintain the confidentiality of tax records pursuant to The Local Tax Enabling Act. [5]

Initially, we point out that nothing in the Act requires that an agency compile from public records information

**4.** Our scope of review under the Act is limited to determining whether the Newspaper's denial of its request for the desired information was for a just and proper cause. *Nittany Printing v. Centre County,* 156 Pa.Cmwlth. 404, 627 A.2d 301 (1993).

**5.** Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§ 6901–6924.

contained in those records. If the records are, indeed, public, then it is up to those seeking to examine them to go through each record and gather the information. Section 2 of the Act, 65 P.S. § 66.2, provides that, "[e]very public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania."[6] This provision of the Act only requires the inspection of a record that exists and does not require the public body to create a public record or make lists for the public's use. Recently, in *Della Franco v. Department of Labor and Industry*, 722 A.2d 776 (Pa. Cmwlth.1999), this Court, quoting from *Bargeron v. Department of Labor and Industry*, 720 A.2d 500, 502 (Pa.Cmwlth. 1998), so held, stating, "[i]t is well established that if a document does not exist, the Board is not required to prepare or create a new document."

If we were to decide otherwise, because no reason ever has to be given to examine the record, anyone could come to a public agency and ask for preparation of lists for any reason, e.g., a credit card company could request a list of taxpayers whose public assessments were over a certain amount, or direct marketers could ask for a list of all people who applied for building permits to see if they needed a second mortgage. As a result, public employees would, in effect, become the "agents" of individuals seeking to "slice and dice" information for commercial purposes, taking them away from the jobs that they were hired to perform. This is not the intent of the Act.

■ While the trial court recognized that it could not order the Tax Office to make a list, by giving the Newspaper access to individual taxpayer files so that the Newspaper could make its own list, it required the Tax Officer to perform a criminal act. Essentially, there are three types of records kept by governmental agencies: 1) records that *must* be made public because they are subject to the Act; 2) records that *may* be made public because they fall within the discretion of the public official to make them public because they either fall within an exception under the Act[7] or are otherwise not prohibited from being released; and 3) those records that *cannot* be released because there is an express statutory prohibition against their release, i.e., social security numbers,[8] criminal records[9] and tax records.[10] The infor-

---

**6.** "Public record" is defined at Section 1 of the Act, 65 P.S. § 66.1(2), as:

Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons...[.]

**7.** The exceptions found under Section 1 of the Act, 65 P.S. § 66.1(2), under the definition of "public record" include documents related to an investigation undertaken by an agency in the performance of its official duties; documents prohibited, restricted or forbidden by statute, law or order or decree of court; and documents that would operate to the prejudice or impairment of a person's reputation or personal security.

**8.** *See Sapp Roofing, Inc. v. Sheet Metal Workers' International Association, Local Union*

No. 12, 552 Pa. 105, 713 A.2d 627 (1998); *Tribune–Review Publishing Co. v. Allegheny County Housing Authority*, 662 A.2d 677 (Pa. Cmwlth.1995), *petition for allowance of appeal denied*, 546 Pa. 688, 686 A.2d 1315 (1996).

**9.** *See Commonwealth v. Mines*, 680 A.2d 1227 (Pa.Cmwlth.1996).

**10.** There is also a multitude of other statutes in a variety of areas prohibiting the release of information to the public. *See, e.g.*, Section 2349 of the Domestic Animal Law, 3 Pa.C.S. § 2349 (records of dealer, agents and haulers of living or dead domestic animals); Sections 112 and 2 of the Banking Code of 1965, Act of November 30, 1965, P.L. 847, *as amended*, 7 P.S. §§ 112 and 6223 (records related to banks and banking); Section 2 of the County Code, Act of April 8, 1868, *as added* by the Act of December 19, 1975, P.L. 51, 16 P.S. § 9759.1 (records related to discharge of officers and persons in armed forces or women's

mation being sought here comes under the third category.

The information being sought concerns taxes levied pursuant to the Local Tax Enabling Act. Under that Act, not only are tax records not permitted to be released, but any "information" gathered from those records cannot be divulged. Section 13(V)(f) of the Local Tax Enabling Act, 53 P.S. § 6913(V)(f), provides:

> Any information gained by the officer, his agents, or by any other official or agent of the taxing district, as a result of any declarations, returns, investigations, hearings or verifications required or authorized by the ordinance or resolution, shall be confidential, except for official purposes and except in accordance with

a proper judicial order, or as otherwise provided by law.[11]

Determining whether a taxpayer is delinquent can only be determined by looking at existing records, making the release of that information prohibited by the provision.[12]

Not only is it impermissible to release tax information, but the Local Tax Enabling Act makes it a crime for anyone to do so. Section 13(IX)(b) of the Local Tax Enabling Act, 53 P.S. § 6913(IX)(b), provides that anyone who divulges such information may be sentenced to pay a fine of $500 for each offense and be imprisoned for 30 days. Subsection (IX)(c) further provides that the penalties imposed will be in addition to any other penalty imposed by any other section of the ordinance or resolution.[13]

---

organizations); Sections 4395 and 6339 of the Divorce Code, 23 Pa.C.S. §§ 4395 and 6339 (records related to domestic relations, support matters, child abuse); Section 1409 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 14–1409 (public school health records); Section 428 of the Library Code, Act of June 14, 1961, P.L. 324, *as amended*, 24 P.S. § 4428 (library circulation records); Section 1 of the Public School Employee's Retirement Code, Act of October 2, 1975, P.L. 298, *as amended*, 24 Pa.C.S. § 8503 (records relating to retirement for school employees); Section 806.1 of the Health Care Facilities Act, Act of July 19, 1979, P.L. 130, *as amended*, 35 P.S. § 448.806(a) (records relating to incidents of professional misconduct in health care facilities); Section 15 of the Disease Prevention and Control Law of 1955, Act of April 23, 1956, P.L. 1510, *as amended*, 35 P.S. § 521.15 (records relating to reports of diseases); Section 6 of the Pennsylvania Cancer Control, Prevention and Research Act, Act of December 18, 1980, P.L. 1241, *as amended*, 35 P.S. § 5636 (records related to cases of cancer); Section 301 of the Act of May 17, 1921, P.L. 789, 40 P.S. § 71 (records related to life insurance contracts); 42 Pa.C.S. § 8725 (penalties for improper disclosure of criminal proceedings); Section 111 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, *as amended*, 50 P.S. § 7111 (records of mental health); Section 14 of the First Class City Code, Act of June 25, 1919, P.L. 581, *as amended*, 53 P.S. § 12634 (records concerning examinations and credits for military or naval service); Section 212 of the Oil and Gas Act, Act of December 19, 1984, P.L. 1140, *as*

*amended*, 58 P.S. § 601.212 (records relating to oil and gas well reporting); Section 404 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. § 404 (records concerning public assistance); Section 731 of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. § 731 (records of bonus and tax reports and returns and records relating to tax collections); and the Liquid Fuels and Fuels Tax Act, 75 Pa. C.S. § 9007 (records regarding liquid fuels and fuel taxes).

**11.** Because Section 1 of the Act, 65 P.S. § 66.1(2), provides that information must not be released where such disclosure is prohibited by statute, decree or order, and tax information may not be released under the Local Tax Enabling Act, the Act is not as "otherwise provided by law."

**12.** *See also Legal Capital, LLC v. Medical Professional Liability Catastrophe Loss Fund*, 702 A.2d 869 (Pa.Cmwlth.1997), *affirmed*, —— Pa. ——, 731 A.2d 132 (1999) (purpose of amendment to CAT Fund Act providing that information from insurer is confidential was to make entire claim file confidential, including information relating to medical malpractice settlements).

**13.** As to the prohibition of releasing state tax information and the ensuing penalties for doing so, *see* Section 731 of the Fiscal Code, which provides:

> Any information gained by any administrative department, board, or commission, as a

Because the lists that the Newspaper seeks to obtain do not exist and the requested information is confidential and subject to criminal sanctions if released, the order of the trial court is reversed.

## *O R D E R*

AND NOW, this 15th day of July, 1999, the order of the Court of Common Pleas of Lackawanna County, dated August 31, 1998, is reversed.

Senior Judge RODGERS concurs in the result only.

COLINS, President Judge, dissenting.

I must respectfully dissent. I would affirm the trial court's opinion which would have allowed the public disclosure of those taxpayers who were delinquent.

I believe that Section 2 of the Right–to–Know Act, 65 P.S. § 66.2, provides the right to such inspection and release.

Since such public inspection and release is allowed by the Right–to–Know Act, no criminal sanctions would apply, as it would be a disclosure "as otherwise provided by law." See Section 13(V)(f) of the Local Tax Enabling Act, 53 P.S. § 6913(V)(f).

result of any returns, investigations, hearings or verifications required or authorized under the statutes of the Commonwealth imposing taxes or bonus for State purposes, or providing for the collection of the same, shall be confidential except for official purposes...[.] Any person or agent divulging such information shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not in excess of five hundred dollars ($500.00) or to undergo imprisonment for not more than three (3) years, or both, in the discretion of the court.