## Clark v. King

48

C.P of Centre County, no. 2004-2392.

*Sean M. Clark,* pro se.
*Terry J. Williams* and *Stacy Parks Miller,* for defendants.

GRINE, *J.,* December 5, 2005—Presently before this court is the motion for summary judgment of plaintiff Sean M. Clark against defendants Police Chief Thomas King and the State College Police Department. Also before the court is the motion for summary judgment of defendants against plaintiff. A hearing was held on the matter on October 26, 2005. Plaintiff initiated this action against defendants by filing a complaint on or about May 28, 2004. Defendants filed an answer to plaintiff's amended complaint. Pleadings in the case are closed, and discovery has not been undertaken.

In his complaint, plaintiff alleges that defendants violated the Right to Know Act by charging a $10 fee for a copy of a motor vehicle accident report. Specifically, plaintiff alleges that on or about March 22, 2004, plaintiff was involved in a minor traffic accident in the Borough of State College, Centre County, Pennsylvania. The State College Police Department was summoned to the scene and recorded the incident as accident report no. 3204-4354. On or about March 23, 2004, plaintiff in-

spected the report at the State College Police Department and requested a copy. Plaintiff was informed by the police department that he could obtain a copy of the report by complying with 75 Pa.C.S. §3751. Plaintiff refused to follow that procedure, specifically objecting to the $10 fee requested by the State College Police Department and filed the instant declaratory judgment complaint.

Plaintiff maintains, pursuant to the Right to Know Act, 65 P.S. §66.1, that accident reports are public records and that access to and duplication of said reports must occur in compliance with the provisions of the Act. Defendants maintain that the Right to Know Act does not control plaintiff's request for a copy of the motor vehicle accident report, asserting that such reports are not public records as defined by the Act. Specifically, defendants contend that access to motor vehicle reports is governed by 75 Pa.C.S. §3751, more specific, previously-enacted legislation. Both plaintiff and defendants seek summary judgment, asserting no genuine issue of material fact.

Pursuant to Pennsylvania Rule of Civil Procedure 1035.2, "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law: (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert reports[.]" Pa.R.C.P. 1035.2.

The purpose of this rule is to eliminate cases prior to trial where a party cannot make out a claim or a defense

after relevant discovery has been completed. See *Miller v. Sacred Heart Hospital*, 753 A.2d 829, 833 (Pa. Super. 2000). Further, under subparagraph (1) of this rule, summary judgment is proper where the record shows that the material facts are not in dispute and, therefore, there is no issue to be submitted to a jury. See Note to Pa.R.C.P. 1035.2.

In order to proceed on his amended complaint for declaratory judgment to determine his rights under the Right to Know Act, plaintiff must first establish that his request for the accident report is governed by the Right to Know Act, 65 P.S. §66.1 et seq. Specifically, plaintiff must prove that the police investigatory report of the traffic accident is considered a public record.

In support of his argument, plaintiff relies upon the case of *City of Philadelphia v. Ruczynski*, 24 D.&C.2d 478 (1961). There, plaintiff maintains, the Philadelphia Court of Common Pleas held that accident reports are considered to be public records. This court finds plaintiff's argument in error. The Philadelphia Court of Common Pleas found that that case involved the right of the city to refuse a person permission to make copies of reports of the Accident Investigation Division of the local police department. See *City of Philadelphia v. Ruczynski*, 24 D.&C.2d 478, 479 (1961). Specifically, the court found that "the real question [before the court] is whether or not AID reports are public records which may be copied, but, rather, it is the right of the city to 'adopt and enforce reasonable rules governing the making of . . . extracts, copies, photographs, or photostats.' " *Id.* at 481. The court ultimately concluded that, "*in the absence of promulgated rules and regulations with respect to the manner in which AID reports are to be in-*

*spected and copied,* the department of records has no legal right to make ad hoc, and perhaps variable, determinations and limitations under which AID reports may be inspected and copied." *City of Philadelphia v. Ruczynski,* 24 D.&C.2d 478, 481 (1961). (emphasis added)

Since the holding in *Ruczynski,* however, the Pennsylvania Legislature has enacted very specific regulations governing the preparation, inspection, and copying process of police department investigatory reports. Enacted in 1977, 75 Pa.C.S. §3751 provides, in pertinent part:

"(a) General rule.—Every police department that investigates a vehicle accident for which a report must be made as required in this sub-chapter and prepares a written report as a result of an investigation either at the time and at the scene of the accident or thereafter by interviewing the participants or witnesses shall, within 15 days of the accident, forward an initial written report of the accident to the department. If the initial report is not complete, a supplemental report shall be submitted at a later date.

"(b) Furnishing copies of report.—

"(1) Police departments shall, upon request, furnish a certified copy of the full report of the police investigation of any vehicle accident to any person involved in the accident, his attorney or insurer . . . [.]

"(2) [T]he cost of furnishing a copy of a report under this subsection shall not exceed $15." 75 Pa.C.S. §§3751(a) and (b)(1)(2).

Additionally, in *Inkpen v. Roberts,* 862 A.2d 700 (Pa. Commw. 2004), the Allegheny Court of Common Pleas

determined that where there is specific prior-enacted legislation dealing with the treatment of a document, including the rules for copying said documentation, the Right to Know Act does not apply, and the more specific, prior-enacted legislation controls. See *id.* at 706. Specifically, "[s]tatutes are never presumed to make any innovation in the rules or principles of the common law or *prior existing law* beyond what is expressly declared in their provisions." *Inkpen v. Roberts,* 862 A.2d 700, 706 (Pa. Commw. 2004). (citation omitted)

A review of case law history in surrounding Commonwealth courts reveals that police accident reports are not public reports. See *Amro v. Office of Attorney General,* 783 A.2d 897, 901 (Pa. Commw. 2001) (holding that the investigation exception to the Right to Know Act applies to *completed* and ongoing investigations undertaken by an agency in the performance of its official duties) (emphasis added); *Commonwealth v. Mines,* 680 A.2d 1227 (Pa. Commw. 1996) (citations omitted) (holding that information relating to police investigations and consisting of statements, affidavits, warrants, various reports, composite sketches, and photographs gathered during investigations are not within definition of "public records," and, therefore, disclosure is not mandatory under the Right to Know Act; citing *Sullivan v. City of Pittsburgh, Department of Public Safety,* 127 Pa. Commw. 339, 561 A.2d 863 (1989) (citation omitted) (holding that records of police investigations are not "public records" within the meaning of the Right to Know Act).

Following state regulations and case law, and interpreting the facts as provided by both plaintiff and the defendants, this court finds that defendants fully com-

plied with the procedures set forth in 75 Pa.C.S. §3751 when handling plaintiff's request for a copy of the accident report in which he was involved. Further, this court holds that, pursuant to the Commonwealth's prior enaction of 75 Pa.C.S. §3751, the Right to Know Act does not govern plaintiff's request for a copy of accident report no. 3204-4354.

## ORDER

And now, December 5, 2005, after a hearing on the matter and upon consideration of the motions for summary judgment filed by both parties and the supporting brief filed by defendants, it is hereby ordered and decreed that there is no genuine issue of material fact, and defendants' motion for summary judgment is granted. Plaintiff's motion for summary judgment is, therefore, denied.

It is further ordered, plaintiff's complaint is dismissed, with prejudice.