**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Petitioner,**

v.

**Vera COLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 2012.

Decided Sept. 12, 2012.

Jacqueline Conforti Barnett, Assistant Counsel, Harrisburg, for petitioner.

Vera Cole, pro se.

Benjamin A. Lorah, Harrisburg, for amicus curiae Pennsylvania Office of Open Records.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge LEAVITT.

The Commonwealth of Pennsylvania, Department of Environmental Protection (Department) petitions for review of a final determination of the Office of Open Records (Open Records) granting Vera Cole's appeal from the Department's denial of her Right-to-Know Law[1] request. The Department denied Cole's request for the stated reasons that it did not have the records requested in the format requested. Nevertheless, the Department did provide Cole with most of the information "outside the context of the [Right-to-Know Law]." In granting Cole's appeal, Open Records ordered the Department to provide Cole with all of the information she requested.[2] Discerning no error, we affirm.

Cole, the vice-president of the Mid–Atlantic Renewable Energy Association (Association), sought Department records about the Pennsylvania Sunshine Program, which provides rebates to homeowners and small businesses for solar electric projects

they install on their property.[3] Seeking to research the impact of solar installations, the Association sought to contact individuals who had received rebates under the Sunshine Program. To this end, Cole had been in contact with Thomas Bell, who oversees the Sunshine Program for the Department.

On June 13, 2011, Cole sent an e-mail to Bell, requesting

... information provided in the on-line Sunshine rebate application process:

Recipient's Name

Address of the Installation

Size of the installation (in kW)

Roof or ground mount

*Azimuth*

*Tilt*

Module model and manufacturer

Inverter model and manufacturer

*Utility company*

Rebate approval date

Total Cost

Rebate Amount

Installer Name

Installer Address

Installer Email address

\*     \*     \*

... for all PV Sunshine Rebate recipients to date (residential and small business) [and noting that she would] ask for a final list when [the] program closes.

Reproduced Record at 41a–42a (emphasis added) (R.R. ——). Cole's e-mail further stated that:

[i]t is our understanding that data of this nature is within the terms of Penn-

---

**1.** Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

**2.** Open Records has participated in this appeal as *amicus curiae.*

**3.** The Sunshine Program is authorized by Section 306 of the Alternative Energy Investment Act, Act of July 9, 2008, P.L. 1873, 73 P.S. § 1649.306.

sylvania's Right to Know Law. We respect that Section 708(b)(6)(i)(A) provides exceptions for personal data that cannot be released. *We are not asking for any details protected by this section* (such as phone numbers, personal email addresses or personal financial information).

R.R. 41a (emphasis added). In closing, Cole's e-mail noted that "[i]t would be easiest for us, and hopefully you too, to receive this data in an electronic format." R.R. 42a.

Bell forwarded Cole's request to the Department's Open Records Officer, Dawn Schaef. Schaef issued an interim response on July 25, 2011, invoking Section 902 of the Right-to-Know Law and stating that the Department needed an additional 30 days to respond. 65 P.S. § 67.902.[4] Specifically, the Department needed time to determine whether the requested record was a public record and, if so, to redact information not subject to disclosure.

On August 16, 2011, the Department issued a final response denying Cole's request. The Department explained that it had no obligation to create a record that did not exist in its files or organize its files to suit a request. Specifically, it wrote as follows:

[The Department] does not have the records that you request in its possession, under its custody or its control in the format you requested. Pursuant to the Office of Open Records Final Decision in *Jenkins v. Pennsylvania Department of State*, OOR Dkt. AP 2009–065, it should be noted that: "It is not a denial of access when an agency does not possess records and [there is no] legal obligation to obtain them (*see, e.g.* section 67.506(d)(1))." Further, an agency is not required "to create which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." 65 P.S. § 67.705.

R.R. 45a. Nevertheless, the Department agreed to provide "most of the information" to accommodate Cole but not because it was required by the Right-to-Know Law. It stated that

outside of the [Right-to-Know Law] and in the discretion of the agency, the Department is providing you with a spreadsheet that contains most of the information you requested. No fee has been charged, in accordance with agency policy, since the materials currently exist in

---

4. In relevant part, it provides that:

(a) Determination.—Upon receipt of a written request for access, the open-records officer for an agency shall determine if one of the following applies:

(1) the request for access requires redaction of a record in accordance with section 706;

(2) the request for access requires the retrieval of a record stored in a remote location;

(3) a timely response to the request for access cannot be accomplished due to bona fide and specified staffing limitations;

(4) a legal review is necessary to determine whether the record is a record subject to access under this act;

(5) the requester has not complied with the agency's policies regarding access to records;

(6) the requester refuses to pay applicable fees authorized by this act; or

(7) the extent or nature of the request precludes a response within the required time period.

(b) Notice.—

(1) Upon a determination that one of the factors listed in subsection (a) applies, the open-records officer shall send written notice to the requester within five business days of receipt of the request for access under subsection (a).

\* \* \*

65 P.S. § 67.902.

an electronic format and no duplication costs were incurred to convert the documents to this medium. However, the information does not include ... the address of installation, the Department routinely does not provide addresses in requests for information. We also did not provide data as to Azimuth, Tilt or Utility Company as we do not track this information.

R.R. 45a.

Cole appealed to Open Records on August 29, 2011, asserting that: (1) the missing information relating to "azimuth," "tilt," and "utility company" was data collected by the Department in its online rebate application; and (2) that the addresses of the properties where the solar projects were installed were not exempt from disclosure under the Right-to-Know Law. R.R. 15a–16a.

On September 6, 2011, the Department requested bifurcation of the appeal. The Department argued that Open Records did not have jurisdiction over Cole's appeal because the Department's response was provided "outside of the [Right-to-Know Law]." Open Records issued a decision on September 7, 2011, denying the Department's bifurcation request.

On September 19, 2011, the Department issued a second "response" to Cole's Right-to-Know request. In relevant part, the Department stated that

[a]s your request pertains to rooftop mounts, azimuth, tilt, utility companies and array information, your request is granted. . . .

\* \* \*

However, the Department denies your request as follows. The Department will withhold information which is exempt from disclosure by law, as it pertains to the documentation you seek, as well as to your general request for docu-

mentation pertaining to the home address of applicants *if the Department's response is redefined by [Open Records] as a request within the [Right-to-Know Law].* If this occurs, *the Department would assert that this response, post reclassification, would be the first response within the [Right-to-Know Law] and appropriate for the raising of exemptions.*

*The Department will not provide personal home addresses, cellular or personal telephone numbers or personal e-mail addresses for any individual.* This information is exempt from disclosure under Section 708(b)(6)(i) and Section 708(b)(1)(ii) of the [Right-to-Know Law], 65 P.S. § 67.708(b)(6). Both exceptions are also covered by the constitutional right to privacy. Section 708(b)(6)(i)(A) states that the following is exempt from access by a requester under the [Right-to-Know Law]: (i)(A) A record containing all or part of a person's Social Security number; driver's license number; personal financial information; home, cellular or personal telephone numbers; personal e-mail addresses; employee number or other confidential personal identification numbers. The Department also [cites] Section 708(b)(1)(ii), which covers personal security under this act as follows: (ii) [providing the information] would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual.

R.R. 48a–49a (emphasis added).

Before Open Records the Department raised four issues. First, it argued that it was not required to create a record in response to a request where the data sought existed only in an electronic database and was not organized in the manner requested. Second, it argued that Open Records could not compel it to create a

record from an electronic database by reason of Section 705 of the Right-to-Know Law,[5] which protects an agency from having to create a record not already in existence. Third, it argued that its letter of August 16, 2011, was not a denial upon which an appeal may be taken. Fourth, it argued that if Open Records exercised jurisdiction, the Department was entitled to raise the exceptions presented in its September 19, 2011, letter because its prior response was "outside of the [Right-to-Know Law]." These additional exceptions included the right to withhold the addresses of persons who had received rebates on grounds of their personal security.

Before Open Records, the Department submitted an affidavit by Bell stating that the information that Cole requested was not available in a "screen shot," in any series of isolated electronic records, such as reports or spreadsheets, or in hard copies. After a good faith search, Bell determined that the Department did not have records responsive to Cole's request. Rather, he was required to manipulate the data in order to produce the spreadsheet that he did provide Cole, which he did as a matter of courtesy.

■ Open Records granted Cole's appeal and ordered the Department to produce the records. It held that it had jurisdiction over Cole's appeal, noting that "a requester's appeal rights are triggered

upon a decision of an agency denying access to records, regardless of how the agency characterizes" its response. Adjudication at 6; R.R. 11a. Because Cole made her request pursuant to the Right-to-Know Law, the Department's initial response triggered her appeal rights. Open Records also found that the Department did not demonstrate that the requested information was exempt from access and did not provide evidence to prove that the requested information did not exist. Finally, Open Records found that the Department waived any exceptions not raised in its original response, including the exception provided for the personal security of persons receiving rebates under the Sunshine Program. The Department now petitions for this Court's review.[6]

On appeal, the Department raises three issues which, for clarity, we reorganize as follows. First, the Department asserts that Open Records erred in directing it to produce records that exist only in an electronic database. Second, the Department contends that this Court's decision in *Bowling v. Office of Open Records,* 990 A.2d 813 (Pa.Cmwlth.2010), *appeal granted,* 609 Pa. 265, 15 A.3d 427 (2011), allows this Court to direct Open Records to consider any exception in the Right-to-Know Law, even if the agency did not assert that exception in its denial of the request. Third, the Department argues that Open Records erred in requiring it to disclose

---

**5.** It provides:

> When responding to a request for access, *an agency shall not be required to create a record which does not currently exist or* to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record.

65 P.S. § 67.705 (emphasis added).

**6.** In Right-to-Know Law appeals, we independently review Open Record's adjudication and may substitute our own findings of fact for that of the agency. *Bowling v. Office of Open*

*Records,* 990 A.2d 813, 818 (Pa.Cmwlth.2010), *appeal granted,* 609 Pa. 265, 15 A.3d 427 (2011). We are afforded "the broadest scope of review." *Id.* at 820. We may supplement the record by conducting a hearing or direct such supplementation by remanding the matter to Open Records. *Id.* at 823 n. 11. We may even "accept additional evidence and make [our] own factual findings." *Department of Conservation and Natural Resources v. Office of Open Records,* 1 A.3d 929, 936 (Pa. Cmwlth.2010).

the addresses of individuals and businesses receiving rebates under the Sunshine Program.

■ In its first issue, the Department argues that under Section 705 of the Right-to-Know Law, 65 P.S. § 67.705, it cannot be compelled to troll through raw data and organize it in the manner preferred by the requester. Accordingly, Open Records erred in focusing on the Department's admission that the requested information exists in a raw form in its databases. The Department contends that this Court's prior decision in *Scranton Times, L.P. v. Scranton Single Tax Office,* 736 A.2d 711 (Pa.Cmwlth.1999), *affirmed,* 564 Pa. 30, 764 A.2d 17 (2000), supports its contention that because the information sought by Cole does not exist in the exact form sought, it is not subject to disclosure.

The Right-to-Know Law promotes access to government information in order to increase transparency and accountability of government. *Bowling,* 990 A.2d at 824. Nevertheless, an agency is not required to

> create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record.

Section 705 of the Right-to-Know Law, 65 P.S. § 67.705. Section 102 of the Right-to-Know Law defines a "record" as

> [i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained

*pursuant to law* or in connection with a transaction, business or activity of the agency. *The term includes* a document, paper, letter, map, book, tape, photograph, film or sound recording, *information stored or maintained electronically* and a data-processed or image-processed document.

65 P.S. § 67.102 (emphasis added).[7]

The information sought by Cole is a "record" because it is information received and retained by the Department in conjunction with its "transactions and activities" under the Sunshine Program. The Department was able to provide most of the requested information and admitted having the remaining information, *i.e.,* the addresses of rebate recipients. A "record" subject to disclosure under the Right-to-Know Law includes information *"regardless of form"* and includes information contained in a database.

Requiring the Department to provide these "records" does not violate Section 705 of the Right-to-Know Law, which excuses an agency from creating a new record or reorganizing existing records. An agency need only provide the information in the manner in which it currently exists. However, as this Court reasoned persuasively in *Gingrich v. Pennsylvania Game Commission* (Pa.Cmwlth., No. 1254 C.D. 2011, filed January 12, 2012),[8] drawing information from a database does not constitute creating a record under the Right-to-Know Law.

---

7. Any "record" which is in the possession of a Commonwealth agency or local agency is presumed to be a public record unless:
   (1) the record is exempt under section 708;
   (2) the record is protected by a privilege; or
   (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree.

Section 305 of the Right-to-Know Law, 65 P.S. § 67.305.

8. We cite *Gingrich,* an unreported opinion of this Court, for its persuasive value. *See* Commonwealth Court Internal Operating Procedure No. 414, 210 Pa.Code § 67.55.

In *Gingrich*, a requester sought information relating to Pennsylvania's annual deer harvest, habitat programs, and related financial information. The requester sought information contained in the Game Commission's database and suggested possible formats for the Game Commission to produce that information. The Game Commission denied the request on the grounds that it did not have to create a record and the information sought did not exist in the formats identified by the requester. This Court held that suggesting a possible format in which to present the requested information was not an improper request to create a record. Specifically, we held that an agency can be required to draw information from a database, although the information must be drawn in formats available to the agency. In short, to the extent requested information exists in a database, it must be provided; an agency cannot claim otherwise under Section 705 of the Right-to-Know Law.

Cole did not request the creation of a record or a unique format. She requested the Department's Sunshine Program information and noted that she believed it would be easiest, for all those involved, if the information was provided electronically. The Department must provide Cole this information but only in the format in which it is available.

Our decision in *Scranton Times* does not require another result, as argued by the Department. First, *Scranton Times* was decided under the former Right-to-Know Law.[9] Second, *Scranton Times* is factually distinguishable.

At issue in *Scranton Times* was the newspaper's request for a list of delinquent taxpayers of certain business taxes. The trial court ordered the Tax Office to provide access so that the newspaper could compile this list. On appeal, this Court reversed. We held that the Tax Office could not be ordered to give the newspaper access to the records because the information was expressly exempt from disclosure under Section V(f) of the Local Tax Enabling Act.[10]

It is true that in *Scranton Times* this Court stated that, under Section 2 of the former Right-to-Know Law,[11] an agency was not required to create a new document because this would make public employees, in effect, the "agents" of those seeking information and take them away from the jobs that they were hired to perform. *Scranton Times*, 736 A.2d at 713. That is as true under the current version of the Right-to-Know Law as under the former version. However, it is not relevant to the question here, which is whether the Department can be ordered to produce a "record" it holds in an electronic database

9. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4, repealed by the Act of February 14, 2008, P.L. 6.

10. Act of December 31, 1965, P.L. 1257, *as amended*, provides, in relevant part, that

[a]ny information gained by the officer, his agents, or by any other official or agent of the taxing district, as a result of any declarations, returns, investigations, hearings or verifications required or authorized by the ordinance or resolution, shall be confidential, except for official purposes and except

in accordance with a proper judicial order, or as otherwise provided by law.
53 P.S. § 6913(V)(f).

11. Section 2 of the Former Right-to-Know Law stated that

[e]very public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania.

*Scranton Times*, 736 A.2d at 713 (quoting Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. § 66.2, repealed by the Act of February 14, 2008, P.L. 6).

in a format it uses. Following the persuasive analysis in *Gingrich*, we hold that pulling information from a database is not the creation of a record.[12] To hold otherwise would encourage an agency to avoid disclosing public records by putting information into electronic databases.

In the Department's second issue, it contends that under *Bowling*, we may consider all grounds for refusing a record request even if not recited by the agency in its denial to the requester. The Department believes that the record it has been ordered to disclose is subject to "personal information" and "personal security" exceptions in Section 708 of the Right-to-Know Law.[13] It believes that it should be allowed to raise them now. The Department argues that our decision in *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa.Cmwlth.2010), conflicts with our decision in *Bowling*, 990 A.2d 813. We disagree.

In *Bowling* we considered Section 1301, which states, in relevant part, as follows:

> Within 30 days of the mailing date of the final determination ... a requester or the agency may file a petition for review.... The decision of the court shall contain findings of fact and conclusions of law based upon the evidence as a whole. The decision shall clearly and concisely explain the rationale for the decision.

65 P.S. § 67.1301(a). We concluded that "a reviewing court, in its appellate jurisdiction, independently reviews [Open Records'] orders and may substitute its own findings of fact for that of the agency." *Bowling*, 990 A.2d at 818. Similarly, we stated that "a court reviewing an appeal from an [Open Records] hearing officer is entitled to the broadest scope of review." *Id.* at 820. Accordingly, we determined that our review was not limited to "the

12. The Department freely chose to compile the information sought in the spreadsheets it created and provided to Cole. Our holding does not require such acts, as that would eviscerate Section 705 of the Right-to-Know Law. Rather, the information contained in databases that is subject to disclosure under the Right-to-Know Law must simply be provided to requestors in the same format that it would be available to agency personnel.

13. Section 708 of the Right-to-Know Law provides, in relevant part, that

> (b) Exceptions.—Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
> (1) A record, the disclosure of which:
>     *     *     *
> (ii) would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual.
>     *     *     *
> (6)(i) The following personal identification information:
> (A) A record containing all or part of a person's Social Security number, driv-

er's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number.
> (B) A spouse's name, marital status or beneficiary or dependent information.
> (C) The home address of a law enforcement officer or judge.
>     *     *     *
> (ii) Nothing in this paragraph shall preclude the release of the name, position, salary, actual compensation or other payments or expenses, employment contract, employment-related contract or agreement and length of service of a public official or an agency employee.
> (iii) An agency may redact the name or other identifying information relating to an individual performing an undercover or covert law enforcement activity from a record.
>     *     *     *
> (30) A record identifying the name, home address or date of birth of a child 17 years of age or younger.

65 P.S. § 67.708(b).

record on appeal;" rather, that record could be supplemented either by this Court or by Open Records, on remand.[14] *Id.* at 823 n. 11.

Conversely, in *Signature Information Solutions,* this Court considered whether an agency could assert one reason for denying a record request and then assert a new and different reason for the denial before Open Records. In *Signature Information Solutions,* the requester sought printouts of current tax information, including interim tax bills, which the township had denied because the information was available through a public website. The requester appealed. Before Open Records, the township had explained that the request was denied because the requested information did not exist in the form requested and would need to be assembled and created from the Township's database.

Open Records concluded that the Township improperly denied the request, and the Township appealed to the trial court. The trial court reversed, holding that the Township was not limited to the grounds for denying the request. The requester then appealed to this Court.

In reversing the trial court, we stated that:

> [S]ection 903(2) of the Law [15] requires that a denial of a right-to-know request include the "specific reasons for the de-

nial, including a citation of supporting legal authority." 65 P.S. § 67.903(2). Section 1101(a)(1) of the Law states that an appeal to [Open Records] "shall address any grounds stated by the agency for ... denying the request." 65 P.S. § 67.1101(a)(1). Here, the Township's specific reason for its denial was the availability of the information on the county web site, citing section 704 of the Law as supporting legal authority for the denial. Requester's appeal addressed that issue.

Section 1102(a) of the Law provides, in pertinent part, as follows:

> (a) Duties.—An appeals officer ... shall do all of the following:
>
> (1) Set a schedule for the requester and the open-records officer to submit documents in support of their positions.
>
> (2) Review all information filed relating to the request. The appeals officer may hold a hearing. A decision to hold or not to hold a hearing is not appealable. The appeals officer may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute.

65 P.S. § 67.1102(a).... Contrary to the trial court's reading of the provision, *section 1102(a) of the Law does not per-*

---

**14.** We have since interpreted our holding in *Bowling* as allowing this Court to "accept additional evidence and make its own factual findings." *Department of Conservation and Natural Resources v. Office of Open Records,* 1 A.3d 929, 936 (Pa.Cmwlth.2010).

**15.** Section 903 of the Right-to-Know Law provides:

> If an agency's response is a denial of a written request for access, whether in whole or in part, the denial shall be issued in writing and shall include:
>
> (1) A description of the record requested.

> (2) The specific reasons for the denial, including a citation of supporting legal authority.

65 P.S. § 67.903. As noted above, our holding in *Signature Information Solutions* concluded that Section 903 of the Right-to-Know Law prohibits an agency from advancing new reasons for denying a request on appeal. Accordingly, the Department is bound by the reasons it gave for denying the request in its official response, dated *August 16, 2011,* that are supported by proper legal citations.

*mit an agency that has given a specific reason for a denial to assert a different reason on appeal. Section 1102(a) of the Law permitted the Township only to submit documents in support of its stated position.*

If an agency could alter its position after the agency stated it ... then the requirements in sections 903(2) and 1101(a)(1) of the Law would become a meaningless exercise. An agency could assert any improper reason for the denial of a right-to-know request and would not have to provide an arguably valid reason unless and until the requester filed an appeal. Such a reading of section 1102(a) of the Law would make a mockery of the process set forth in the Law.

Indeed, under section 902(a)(4) of the Law, if an agency is uncertain regarding its duty to disclose requested information under the Law, the agency may assert the need for an extension of time to perform a legal review to determine whether the requested information is subject to access.

*Signature Information Solutions,* 995 A.2d at 513–14 (emphasis omitted and added) (footnote omitted). In short, we held that an agency could not assert a new legal reason for denying a request before Open Records, even though Open Records has the power to expand the record.

■ *Bowling* and *Signature Information Solutions* do not conflict. *Bowling* provides that Open Records and even this Court may supplement the evidentiary record. *Bowling,* 990 A.2d at 820–23. *Signature Information Solutions* provides that an agency may not advance new legal grounds for denying a record request on appeal. These are separate and discrete matters. We hold that the Department was barred from offering a new reason for denying Cole's request at the hearing be-

fore Open Records, as established in *Signature Information Solutions.*

In its third issue, the Department argues that Open Records erred in directing it to disclose the addresses of rebate recipients, which are protected by Section 708 of the Right-to-Know Law, 65 P.S. § 67.708, and the individuals' constitutional right to privacy.

■ The Department denied Cole's request for the stated reason that it did not have the records in the format requested and was not required to create a record. The Department also noted that, to the extent that it was providing any information, it would excise the addresses of the solar installations because it "routinely does not provide addresses in requests for information." R.R. 45a. However, the Department did not offer legal authority for its routine practice.

Ordinarily, the Department's arguments that rebate recipients' addresses were precluded from disclosure would be waived due to its failure to specifically cite to legal authority in support of that proposition in its response. *See* 65 P.S. § 67.903. However, as this Court recently noted in *Pennsylvania Gaming Control Board v. Office of Open Records,* 48 A.3d 503, 513 (Pa. Cmwlth.2012), an agency does not have the right or authority to waive an individual's interest in keeping his information confidential. Thus, even though the Department failed to support its assertions that rebate recipients' addresses are exempt from disclosure, this is not fatal to the Department's argument. This does not, however, end the inquiry.

■ In her brief to this Court, Cole cites to the "Pennsylvania Sunshine Guidelines for the Residential and Small Business Program," which was adopted by the Department. Cole appended the Guidelines as "Attachment A" to her brief, and

the Department has moved to suppress Attachment A because it was never presented to Open Records and is not part of the original record in this case.

*Bowling* allows the record to be enlarged on appeal. Further, in *Department of Conservation and Natural Resources,* 1 A.3d at 936 (Pa.Cmwlth.2010), this Court specifically held that it may "accept additional evidence" in a Right-to-Know Law appeal. Accordingly, this Court may consider the Guidelines for the Sunshine Program, which are posted on the Department's website. The Department's motion to suppress must be denied.

On page one of the Guidelines, in the section entitled "General Provisions," the Department advises applicants that their applications are public information. It advises applicants to

> note that rebates and *rebate applications are public documents and subject to disclosure* to the public upon request.

PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, PENNSYLVANIA SUNSHINE GUIDELINES FOR THE RESIDENTIAL AND SMALL BUSINESS SOLAR PROGRAM at 1 (Rev.3/2012).[16] Among the information found on an application is the address of the applicant and location of the solar installation. Applicants knew that the information on their applications was public and subject to disclosure, and the Department does not assert that a single applicant has ever requested the Department, for security reasons, to withdraw their applications from the public record.

For the foregoing reasons, we affirm the decision of Open Records and deny the Department's application to suppress.

**16.** Available at http://www.elibrary.dep.state. pa.us/dsweb/Get/Document–88493/7000–BK–

***ORDER***

AND NOW, this 12th day of September, 2012, the order of the Office of Open Records, dated September 28, 2011, in the above-captioned matter is hereby AFFIRMED and the Department of Environmental Protection's Application to Suppress is DENIED.

**J.M., In Re I.M., Petitioner**