# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kutztown University of Pennsylvania,   :
                        Petitioner   :
                                      :
          v.                       :    No. 5 C.D. 2019
                                        :    Submitted: July 26, 2019
David Bollinger,                      :
                       Respondent   :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED: September 13, 2019**


Kutztown University of Pennsylvania (the University) petitions for review of the December 5, 2018 final determination (Final Determination) of the Pennsylvania Office of Open Records (OOR) under the Right-to-Know Law (RTKL).[1]  In the Final Determination, the OOR granted, in part, the appeal of David Bollinger (Respondent)[2] and directed the University to provide Respondent with an unredacted copy of a record pursuant to Respondent's RTKL request.  For the reasons that follow, we affirm, in part, and vacate, in part, the Final Determination.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

[2] By order dated July 19, 2019, this Court precluded Respondent from filing a brief for failure to conform to this Court's earlier order directing Respondent to do so.  Respondent is not represented by counsel on appeal.

On September 21, 2018, Respondent filed a RTKL request with the University, requesting:

> 1.) The identities of the individuals on the search committee for the job of Assistant Director of Campus Services.
>
> 2.) The number of applicants to the position.
>
> 3.) The credentials of the hired applicant. Job history, licenses, etc.

(Reproduced Record (R.R.) at 1a.) The University granted Respondent's request with respect to the second and third items listed.[3] With respect to the first listed item, however, the University denied the request on the basis that it sought information exempt from disclosure pursuant to Section 708(b)(10)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(10)(i)(A),[4] relating to internal, predecisional deliberations.

---

[3] The University provided a record showing that the number of applicants for the position was 14. It also provided a copy of the hired applicant's resume listing his credentials, including his job history and licenses.

[4] Section 708(b)(10)(i)(A) of the RTKL provides:

**(b) Exceptions.**—Except as provided in subsections (c) and (d), the following are exempt from access by a requester under [the RTKL]:

. . . .

(10)(i) A record that reflects:

(A) The internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.

Respondent appealed the University's partial denial of the request to the OOR on November 4, 2018. On November 20, 2018, the University provided Respondent with a document entitled "Assistant Director of Campus Services Candidate Review July 2018" (Review Form). (R.R. at 34a.) The Review Form lists the names of the search committee members and the date on which the committee conducted its review. The University redacted the other portions of the Review Form and explained in a cover letter to Respondent that "[t]he redactions are based on the exemption for predecisional deliberations under [S]ection 708(b)(10)(i)(A) of the [RTKL]." (*Id.* at 33a.) The University then submitted a position statement to the OOR explaining that it had provided Respondent with all records responsive to his request and that it had redacted the Review Form pursuant to the RTKL's predecisional deliberations exception.

In the Final Determination, the OOR acknowledged that the University had granted the request with respect to the second and third items requested. With respect to the first listed item of the request (concerning the identities of committee members), the OOR concluded: "During the course of the appeal, the University provided a document containing the identities of the individuals on the search committee . . . . Accordingly, the appeal is dismissed as moot as to this information." (R.R. at 38a.) The OOR also concluded that the University failed to prove that the redacted portion of the document produced is exempt from disclosure. In support of that conclusion, the OOR noted that the University had submitted no sworn statement to serve as competent evidence that the predecisional deliberations exception applies. The OOR granted, in part, and dismissed as moot, in part, Respondent's appeal and directed the University to provide an unredacted copy of the Review Form.

On appeal,[5] the University first argues that the OOR erred in failing to dismiss as moot Respondent's appeal in its entirety. It emphasizes that the denied portion of the request sought "'the identities of members of the search committee . . .' and nothing more" and points out that Respondent received all of the information he requested. (Br. of Petitioner at 11.) Because the Final Determination itself acknowledged that the University had provided all requested information, the University insists that the OOR should have dismissed the appeal as moot. In the alternative, the University argues that, for two reasons, the OOR erred in ordering disclosure of the unredacted Review Form. First, the University asserts that the redacted information is not responsive to the request and that the OOR, in forcing its disclosure, impermissibly broadened Respondent's request. Second, the University argues that, based on the face of the Review Form itself, the redacted information is exempt from disclosure because it contains the internal, predecisional deliberations of the University. [6]

We first address whether, as the University argues, the OOR erred in failing to dismiss the instant case as moot. A case is moot if, at any stage of the litigation, there is no actual controversy between the parties. *Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 448 (Pa. Cmwlth. 2012) (*Philadelphia Notebook*). In the RTKL context, an appeal from the OOR's determination becomes

---

[5] On appeal from the OOR in RTKL cases, this Court's standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[6] Having reviewed the entire record from the OOR and on appeal to this Court, we find no argument whatsoever from Respondent regarding the redacted portions of the Review Form. Respondent's only argument—submitted to the OOR along with the initial appeal notice—is that the *identities* of the committee members are not exempt from RTKL disclosure. Given that Respondent has now received that information and has made no further argument before the OOR or this Court, it is not clear that Respondent objects to the redactions at issue or even desires to obtain the redacted information.

moot when the agency provides the requested records to the requester in full. *See id.* at 449 ("Once [the school district] provided [the r]equester with the [responsive record], the present case became technically moot."). "Although we generally will not decide moot cases, exceptions are made when . . . the conduct complained of [(1)] is capable of repetition yet evading review, or (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the Court's decision." *Cytemp Specialty Steel Div., Cyclops Corp. v. Pa. Pub. Util. Comm'n*, 563 A.2d 593, 596 (Pa. Cmwlth. 1989).

Here, the only portion of Respondent's request that the University initially denied was the first listed item, seeking "[t]he identities of the individuals on the search committee." (R.R. at 1a.) When responding to that request, the University was obligated to disclose the requested "records" not shown to be exempt from public access. Section 701 of the RTKL, 65 P.S. § 67.701. "A 'record' subject to disclosure under the [RTKL] includes information regardless of form." *Dep't of Envtl. Prot. v. Cole*, 52 A.3d 541, 547 (Pa. Cmwlth. 2012) (internal quotation marks omitted) (discussing Section 102 of the RTKL[7]). The "record" which Respondent requested and sought on appeal to the OOR consists entirely of information—*i.e.*, the identities of the individuals on the search committee—rather than a document. The University provided precisely the requested information when it sent Respondent the redacted Review Form. Once the University had complied entirely

---

[7] 65 P.S. § 67.102. Section 102 of the RTKL defines the term "record" as:

> Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

5

with the request by providing Respondent with the final outstanding record identified in the request, there ceased to be any actual controversy in this matter. *See Philadelphia Notebook*, 49 A.3d at 448. As the OOR recognized, this rendered Respondent's appeal moot.[8] As a result, the OOR's analysis should have ended there. Thus, the OOR erred when it granted Respondent's appeal in part by requiring disclosure of the unredacted Review Form. We will, therefore, affirm the Final Determination with respect to the OOR's dismissal of Respondent's appeal as moot but vacate the Final Determination to the extent it granted Respondent's appeal in part.

P. KEVIN BROBSON, Judge

---

[8] None of the exceptions to the mootness doctrine apply in this matter. First, any future denials or redactions by the University will not evade review because nothing prevents Respondent from appealing to the OOR and this Court in the context of a future RTKL request. Second, the merits of this matter involve a fairly routine analysis of an agency's compliance with a RTKL request, and do not present the "exceptional circumstances" that would invite us to consider a moot question. *See Wortex Mills, Inc. v. Textile Workers Union of Am., C.I.O.*, 85 A.2d 851, 857 (Pa. 1952). Finally, Respondent will not suffer a detriment without a decision, because he has received all records responsive to his request.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kutztown University of Pennsylvania,  :
                    Petitioner  :
                                   :
          v.  :  No. 5 C.D. 2019
                                   :
David Bollinger,  :
                    Respondent  :

# **O R D E R**

AND NOW, this 13th day of September, 2019, the Final Determination of the Office of Open Records (OOR), dated December 5, 2018, is AFFIRMED, in part, to the extent that it denied Respondent's appeal as moot, and is VACATED, in part, to the extent that it granted Respondent's appeal.

 

_____
P. KEVIN BROBSON, Judge